# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:09CR125 |
| Plaintiff, | : | Judge Walter Herbert Rice |
| v. | : | |
| ERIC ADAMS, | : | |
| Defendant. | : | |

### PRELIMINARY ORDER OF FORFEITURE OF DEFENDANT ERIC ADAMS' ASSETS

Upon the Motion of the United States for a Preliminary Order of Forfeiture, and the Court's review of the evidence in the record, the Court HEREBY FINDS THAT:

1. The Defendant plead guilty to Count One of the Information charging him with Possession of Child Pornography in violation of 18 U.S.C. §2252(a)(4)(B) and (b)(2), and agreed to the immediate forfeiture, pursuant to 18 U.S.C. §2253(a)(1) and (3), of his interest in:

   a. any visual depiction described in 18 U.S.C. §2253(a)(1) or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110; and

   b. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

2. The Defendant has an interest in the following property (hereinafter referred to as the "Subject Property"):

   a. One E-Machine Desktop Computer System, Serial No. RN558162-071; and

3. The Subject Property is subject to forfeiture pursuant to 18 U.S.C. §2253(a)(1) and (3) as a visual depiction described in 18 U.S.C. §2253(a)(1) or any other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110; and as property used or intended to be used in Defendant's offense alleged in Count One, or any property traceable to such property; and

4. The United States has established the requisite nexus between the Subject Property and the Defendant's offense; and

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Defendant having agreed to the immediate forfeiture of his interest in the Subject Property, this preliminary order is final as to the Defendant; and the Defendant's interest in the Subject Property is hereby forfeited to the United States. This order remains preliminary as to third parties until the ancillary proceeding is concluded.

2. The United States is authorized to seize the Subject Property and to commence proceedings that comply with any statutes and federal rules governing third party rights.

3. The United States shall, in accordance with the applicable forfeiture statute, Fed. R. Crim. P. 32.2, and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, publish and send notice of this order.

4.  Any person, other than the Defendant, asserting a legal interest in the Subject Property, must petition the court for a hearing to adjudicate the validity of their alleged interest in the property. Any petition must be signed by the petitioner under penalty of perjury and identify the petitioner's interest in the property.

5.  After the disposition of any motion to dismiss the petition for lack of standing or failure to state a claim, and before a hearing on the petition, the court may permit the parties to conduct discovery, if the court determines that discovery is necessary or desirable to resolve factual issues.

6.  When the ancillary proceeding ends, the court will enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights. If no third party files a timely petition, the preliminary order shall become the final order of forfeiture.

7.  The Court shall retain jurisdiction to enforce this order, and to amend it as necessary, pursuant to Fed. R. Crim P. 32.2(e).

Dated: 11/19/09

SO ORDERED:

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT